**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERNEST SHAW, JR.,

     Petitioner,

v.                                  Case No. 8:26-cv-165-WFJ-CPT

SECRETARY, DEPARTMENT OF
CORRECTIONS,

     Respondent.

_____/

**<u>ORDER</u>**

Ernest Shaw, Jr., is a Florida prisoner serving a life sentence for sexual battery on a child under twelve and lewd or lascivious molestation of a child under twelve. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Shortly thereafter, the Court informed Mr. Shaw that his petition appeared to be untimely and ordered him to show cause why this action should not be dismissed on that basis.[1] (Doc. 3). Mr. Shaw subsequently filed a response to the show-cause order. (Doc. 4). After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). AEDPA

---

[1] *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (district court may "*sua sponte* dismiss[] [a] § 2254 petition [for untimeliness] after giving [petitioner] notice of its decision and an opportunity to be heard in opposition").

gives a federal habeas petitioner one year to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). The limitation period is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. *Id.* § 2244(d)(2).

Under AEDPA, the limitation period typically starts from "the date on which the judgment became final by the conclusion of direct review." *Id.* § 2244(d)(1)(A). Mr. Shaw's petition is untimely under this triggering date. His convictions were affirmed on direct appeal on August 19, 2020. *Shaw v. State*, 301 So. 3d 915 (Fla. 2d DCA 2020). They became final 150 days later, when the time to petition the United States Supreme Court for a writ of certiorari expired.[2] *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—January 20, 2021.

The limitation period ran uninterrupted until it expired one year later, on January 20, 2022. (Doc. 3-1). Mr. Shaw did not file any tolling applications before that date. Instead, in August 2022, he moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 1-1 at 2). By that time, however, the AEDPA limitation period had already expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Thus, Mr. Shaw's § 2254 petition—filed in January 2026—is untimely by four years. (Doc. 1 at 1).

---

[2] "Typically, the time for filing a certiorari petition in the United States Supreme Court expires 90 days after entry of the judgment or order sought to be reviewed." *Voegele v. Dixon*, No. 4:24-cv-503-AW-MJF, 2025 WL 3521691, at *3 (N.D. Fla. Sept. 26, 2025), *adopted by* 2025 WL 3517859 (N.D. Fla. Dec. 8, 2025). "Early during the COVID-19 pandemic, however, the Supreme Court temporarily extended the time for filing a certiorari petition to 150 days." *Id.* This extension "was in effect from March 19, 2020, until July 19, 2021," and it applied to Mr. Shaw, whose convictions were affirmed in August 2020. *Id.*

Mr. Shaw does not dispute these calculations. He contends, however, that he is entitled to a later start date of the limitation period because his petition rests on a "factual predicate" that was not "reasonably discoverable earlier." (Doc. 4 at 1-2). Where, as here, a petitioner "alleges newly discovered evidence . . . the filing deadline is one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *McQuiggin v. Perkins*, 569 U.S. 383, 388-89 (2013) (quoting 28 U.S.C. § 2244(d)(1)(D)). "[I]t should go without saying that a factual predicate must consist of *facts*. Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014).

Mr. Shaw fails to show that a later start date is appropriate. He vaguely asserts that at some unspecified date, he received "[d]iscovery materials allegedly containing exculpatory admissions." (Doc. 4 at 3). But he does not "identify the date on which he learned of such evidence, or before which he could not have known of it by exercising due diligence." *Piotrowski v. Sec'y, Dep't of Corr.*, No. 8:12-cv-2290-CEH-AEP, 2015 WL 4605752, at \*3 (M.D. Fla. July 30, 2015). Thus, the Court has "no way of determining when the clock started to run or when it expired." *Reynolds v. Dixon*, No. 4:23-cv-130-AW-ZCB, 2023 WL 9058511, at \*2 n.5 (N.D. Fla. Dec. 1, 2023), *adopted by* 2024 WL 23166 (N.D. Fla. Jan. 2, 2024). Moreover, Mr. Shaw fails to show that "a reasonably

diligent defendant" could not have obtained the discovery materials in time to file a federal habeas petition.[3] *Cole*, 768 F.3d at 1156.

Mr. Shaw also contends that an alleged "sentencing scoresheet error and misclassification became apparent only after subsequent appellate decisions in 2024." (Doc. 4 at 2). But Mr. Shaw "cannot rely upon [an] intervening change in state law to restart the limitations period" because a subsequent state-court decision "does not qualify as a 'fact'" that resets the clock. *Jackson v. Toole*, No. 4:11-cv-31, 2011 WL 3205278, at *2 (S.D. Ga. July 27, 2011), *adopted by* 2011 WL 3607956 (S.D. Ga. Aug. 16, 2011); *see also McCloud v. United States*, 987 F.3d 261, 266 n.11 (2d Cir. 2021) ("[I]ntervening developments in case law do not create new facts within the meaning of . . . 28 U.S.C. § 2244(d)(1)(D), which permits a statute of limitations to run from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'").

Next, Mr. Shaw contends that even if the petition is untimely, he is entitled to a merits review because he is actually innocent. (Doc. 4 at 4). A petitioner may overcome the expiration of AEDPA's limitation period if he makes "a convincing showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement

---

[3] Citing his receipt of the discovery materials, Mr. Shaw claims that a "state-created impediment" "prevented timely filing" of his federal habeas petition. (Doc. 4 at 3). Under AEDPA, "in the event of illegal state action preventing the petitioner from filing, the limitation period does not begin until after the state impediment is removed." *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1216 (11th Cir. 2000). As noted above, however, Mr. Shaw does not say when he received the materials, nor does he explain how any alleged delay "prevent[ed]" him from filing a timely petition. *Id.*

unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Mr. Shaw fails to present "new reliable evidence" establishing his innocence. *Id.* He claims that the victim's "prior statements" contradict her allegations of sexual abuse. (Doc. 4 at 4). At best, such evidence would impeach the victim's testimony. Impeachment evidence "is a step removed from evidence pertaining to the crime itself" and thus "provides no basis for finding" actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 563 (1998); *see also Sawyer v. Whitley*, 505 U.S. 333, 334 (1992) ("Latter-day impeachment evidence seldom, if ever, makes a clear and convincing showing that no reasonable juror would have believed the heart of the witness' account."); *Reeves v. Fayette SCI*, 897 F.3d 154, 161 (3d Cir. 2018) ("[M]ere impeachment evidence is generally not sufficient to satisfy the [actual-innocence gateway] standard."); *Jasmin v. Fla. Dep't of Corr.*, No. 24-14108, 2025 WL 3786307, at *1 (11th Cir. July 10, 2025) ("Newly discovered impeachment evidence provides no basis for finding actual innocence.").

Finally, Mr. Shaw contends that he is entitled to equitable tolling. AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268.

Mr. Shaw fails to show that equitable tolling applies here. He asserts that until some unspecified time, he lacked access to "[c]ritical materials." (Doc. 4 at 5). But he offers no specifics about these materials, he does not say when he obtained them, and he fails to establish that he "diligently" sought them. *Holland*, 560 U.S. at 649. As noted above, "the allegations supporting equitable tolling must be specific and not conclusory." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). Mr. Shaw also claims that he "proceeded without counsel while incarcerated" and "lacked meaningful access to legal resources." (Doc. 4 at 5). But "a lack of access to legal materials and legal assistance" does not qualify as an extraordinary circumstance warranting equitable tolling. *Jenkins v. Sec'y, Dep't of*

- 6 -

*Corr.*, No. 8:20-cv-1014-KKM-MRM, 2023 WL 3073598, at *4 (M.D. Fla. Apr. 25, 2023) (collecting cases).

In short, the petition is untimely, and Mr. Shaw offers no basis to overcome the time bar.

Accordingly, it is **ORDERED** that:

1. Mr. Shaw's petition (Doc. 1) is **DISMISSED as untimely**.

2. The **CLERK** is directed to enter judgment against Mr. Shaw and to **CLOSE** this case.

3. Mr. Shaw is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Shaw must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is untimely, Mr. Shaw cannot satisfy the second prong of the *Slack* test. And because Mr. Shaw is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on February 24, 2026.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**